[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10754
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-22750-MGC


EUGENE MORRIS,
a.k.a. Mercury,

Plaintiff-Appellant,

versus

NATIONAL FOOTBALL LEAGUE
RETIREMENT BOARD,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 13, 2012)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Eugene "Mercury" Morris, proceeding *pro se*, appeals from the grant of summary judgment in favor of the National Football League Retirement Board in his claim for benefits under the Bert Bell/Pete Rozelle NFL Player Retirement Plan, pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a).  Morris contends the district court erred in determining that a 1991 Settlement Agreement and Specific Release, which settled his tort claims relating to disability benefits against the Retirement Plan, did not affect his retirement benefits.  Morris asserts the district court should not have granted deference to the Retirement Board in reviewing its decision, because the 1991 Settlement is not a part of the Retirement Plan and therefore is not governed by ERISA, and that a proper *de novo* review would reveal that the 1991 Settlement restored his full retirement benefits.

ERISA provides no standard for reviewing decisions of plan administrators or fiduciaries.  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989).  Based on Supreme Court guidance, however, we have established a six-step framework to guide courts in reviewing an ERISA plan administrator's benefits decisions, as follows:

(1) Apply the *de novo* standard to determine whether the claim

2

administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.

(2) If the administrator's decision in fact is "*de novo* wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.

(3) If the administrator's decision is "*de novo* wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).

(4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.

(5) If there is no conflict, then end the inquiry and affirm the decision.

(6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

*Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1354-55 (11th Cir.) *cert. denied*, 132 S. Ct. 849 (2011).

The Retirement Board's decision was *de novo* correct, and thus survives scrutiny under either a *de novo* or arbitrary and capricious standard.  The Retirement Board correctly concluded that Section 9 of the 1991 Settlement does not affect in any way Morris's retirement benefits, as the plain language indicates that its only purpose was to prevent the 1991 Settlement from waiving,

3

diminishing, altering or modifying his then-existing retirement benefits.  The Retirement Board was therefore correct in deciding that Morris was not entitled to 100% of his retirement benefits because he had previously received a 25% reduction of his retirement benefits in 1980 in the form of an Early Payment Benefit.  Thus, we affirm the district court's grant of summary judgment to the National Football League Retirement Board.

**AFFIRMED.**